# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-147V
UNPUBLISHED

| | |
|---|---|
| LISA M. GILBERTSON,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 6, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Kate Gerayne Westad*, SiebenCarey, Minneapolis, MN, for petitioner.

*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On January 29, 2019, Lisa Gilbertson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a Tetanus, Diphtheria, acellular Pertussis ("Tdap") vaccine administered on February 4, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 13, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On May 5, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $165,850.07. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $165,850.07 (representing compensation in the amount of $162,500.00 for pain and suffering, $1,514.05 for past lost wages, and $1,836.02 for past unreimbursed expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**  
Brian H. Corcoran  
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LISA M. GILBERTSON,<br><br>                          Petitioner,<br><br>    v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                          Respondent. | No. 19-147V<br>Chief Special Master Corcoran (SPU)<br>ECF |

## RRESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.  Compensation for Vaccine Injury-Related Items**

On April 10, 2020, respondent filed a Rule 4(c) Report conceding that petitioner is entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA") injury suffered following receipt of a Tdap vaccination on February 4, 2016.  A Ruling on Entitlement was issued on April 13, 2020.

Based upon the evidence of record, respondent proffers that petitioner should be awarded $165,850.07.[1]  This award is comprised of pain and suffering ($162,500.00), past lost wages ($1,514.05), and past unreimbursed expenses ($1,836.02), and represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[2]   Petitioner agrees.

---

[1] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

[2] Should Petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

1

**II.     Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $165,850.07 in the form of a check payable to petitioner.[3] Petitioner agrees.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*/s/ Adriana Teitel*
ADRIANA TEITEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
Tel:  (202) 616-3677

Dated: May 5, 2020

---

[3] Petitioner is a competent adult, therefore evidence of guardianship is not required in this case.